BARR v. MAYOR, ETC., OF CITY OF NEW BRUNSWICK et al.

(Circuit Court, D. New Jersey. April 15, 1895.)

1. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—EMINENT DOMAIN.
    The exercise of the right and power of eminent domain is due process of law, if the conditions of its exercise are observed.

2. SAME—BENEFIT TO INDIVIDUAL.
    The city of N., through its common council, in the exercise of its discretion, determined to close a certain street, and lay out a new street in lieu thereof. The proposed change was greatly to the advantage of the P. Ry. Co., which had agreed to pay all the expenses attending it. The steps required to close the one street and lay out the other were all regularly taken. *Held*, that the property of one whose land was required for the new street would not thereby be taken without due process of law.

This was a suit by Henry J. Barr against the city of New Brunswick and the Pennsylvania Railroad Company to enjoin the taking of complainant's property under the power of eminent domain. Complainant moved for a preliminary injunction. Denied.

Alan H. Strong, for complainant.

James B. Vredenburgh, Charles E. Gummere, and Frederick Weigel, for defendants.

GREEN, District Judge. There is but a single question presented by the moving papers in this case, and that is whether the defendant is threatening to deprive the complainant of certain of his lands, situate in the city of New Brunswick, without due process of law, contrary to the provisions of the fourteenth amendment to the constitution of the United States, which, in terms, forbids such action. The facts are that the city of New Brunswick, through its legislative department, is about to vacate a certain street within its corporate limits, and to lay out, in lieu thereof, another street for public use. To do this latter, it will be necessary to take, by the exercise of the power of eminent domain, a part of certain lands belonging to the complainant. And it is to prevent this that the interference of this court has been asked. It is alleged by the complainant, and not

denied, that the proposed vacation of the existing street will be greatly to the benefit of the Pennsylvania Railroad Company, and that the railroad company has agreed to pay all the expenses which may arise on account of the vacation of the one street and the laying out of the other, and that these facts are conclusive as to the use to which the lands of the complainant are to be put; that the whole transaction is intended to benefit the railroad company and not the public, and therefore should be prevented. Even if this were so, it is extremely doubtful whether this court has any jurisdiction of the subject-matter. It is not denied that every step which has been taken by the common council is strictly in accordance with the requirements of the charter concerning and regulating the vacation and laying out of streets by the municipality. From the first "notice of intention," to the "approval" of the ordinance by the mayor, which accomplishes the design, every act is strictly in harmony with existing law. The policy, the necessity, of the proposed action, is a matter solely within the judicial discretion of the common council,— the legislative department of the municipality. With that there can be no interference. Having determined those questions, it only remains that the necessary proceedings taken should be in entire and full accord with law, that is, should be in fact "due process of law." The moving papers show such to be the fact. The fourteenth amendment was intended to secure the individual from the arbitrary exercise of the power of the government, unrestrained by established principles of private rights. The right of private property is unassailable under the constitution, except by due process of law. The exercise of the right and power of eminent domain is "due process of law" if the established conditions of its exercise are observed. In this case they seem to have been literally complied with. It follows, then, that the complainant's property will be taken, if at all, only by "due process of law," and to that it is liable, and of that he cannot complain. That the railroad company will be benefited by the proposed action of the common council, and that it has agreed to pay all necessary expenses arising from the vacation and laying out of the streets in question cannot affect the matter. The affidavits submitted by defendant clearly show that the public interest will be promoted by the proposed action; and, if that be so, it is perfectly proper to invoke the right of eminent domain, although private interests may also gain largely.

The promise of the railroad company to pay such expenses as the proposed action of the common council may cause does not invalidate such action, nor militate in any degree against the contention that the lands of the complainant are to be taken "by due process of law." The supreme court of New Jersey, in the case of North Baptist Church v. City of Orange, 54 N. J. Law, 111, 22 Atl. 1004, distinctly held that "a promise made by a citizen to pay for the expenses of opening a street is not opposed to public policy, and an ordinance passed by the common council to open such street will not upon that ground be set aside."

It appearing from the record that all the requirements of law touching the exercise of the right of eminent domain by the defend-

ant have been complied with in this case, and that the lands of the complainant are to be taken only by "due process of law," there is no reason for any action by this court in the premises, further than to dissolve the enjoining order heretofore granted, to discharge the rule to show cause, and to dismiss the bill of complaint, with costs.